UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>            Plaintiff,<br><br>       vs.<br><br>M. PODSAKOFF, et al.,<br><br>            Defendants. | 1:12-cv-00495-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT (Doc. 15.) |

**I.   BACKGROUND**

Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. §1983. This case now proceeds on Plaintiff's original Complaint, filed on April 2, 2012, against defendant M. Podsakoff for retaliation against Plaintiff in violation of the First Amendment.[1]  (Doc. 1.)

On April 10, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 5.)

---

[1] On September 29, 2014, the court issued an order dismissing all other claims and defendants from this action based on Plaintiff's failure to state a claim.  (Doc. 12.)

Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On December 1, 2014, Plaintiff filed a request for entry of default against defendant Podsakoff ("Defendant"). (Doc. 15.)

## II.     ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, default may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

## III.    DISCUSSION

Plaintiff argues that Defendant failed to file a timely response to the Complaint, in violation of Rules 55 and 12(a) of the Federal Rules of Civil Procedure. Plaintiff asserts that Defendant was served with process in October 2014, that more than 20 days have elapsed since Defendant was served, and that Defendant has not filed a timely answer or otherwise defended against the Complaint. The record in this action shows otherwise. On December 1, 2014, a Waiver of Service by Defendant was filed, indicating that Defendant's "answer or motion under Rule 12" is due "within 60 days after 10/24/14." (Doc. 16.) Based on this record, Defendant's deadline to respond to the Complaint has not expired, and Plaintiff is not entitled to entry of default under Rule 55 against Defendant on this ground. Therefore, Plaintiff's request shall be denied.

///

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against Defendant Podsakoff, filed on December 1, 2014, is DENIED.

IT IS SO ORDERED.

    Dated:   **December 3, 2014**                    **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE