UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>              Plaintiff,<br><br>     vs.<br><br>M. PODSAKOFF,<br><br>              Defendant. | 1:12-cv-00495-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE GRANTED<br>(ECF No. 18.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.      BACKGROUND**

Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff filed the Complaint commencing this action on April 2, 2012, together with a motion for leave to proceed in forma pauperis. (ECF Nos. 1, 2.) On April 3, 2012, the Court granted Plaintiff leave to proceed in forma pauperis and issued an order directing the California Department of Corrections and

1

Rehabilitation to send payments to the Court from Plaintiff's prison trust account for the $350.00 filing fee for this action.[1] (ECF No. 4.) This case now proceeds on Plaintiff's original Complaint, against defendant M. Podsakoff ("Defendant") for retaliation against Plaintiff in violation of the First Amendment.[2]

On December 9, 2014, Defendant filed a motion to revoke Plaintiff's in forma pauperis status. (ECF No. 18.) On January 5, 2015, Plaintiff filed an opposition to the motion. (ECF No. 19.) On January 9, 2015, Defendant filed a reply to the opposition. (ECF No. 20.)

Defendant's motion to revoke Plaintiff's in forma pauperis status is now before the court.

## II. MOTION TO REVOKE IN FORMA PAUPERIS STATUS

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent danger "exception applies if the danger existed *at the time the prisoner filed the complaint*." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) citing United States v. Jackson, 480 F.3d 1014, 1018-19 (9th Cir. 2007) (emphasis added).

Section 1915(g) is commonly known as the "three strikes" provision. Andrews v. King, 398 F.3d 1113, 1116 n. 1 (9th Cir.2005). "Strikes" are prior cases or appeals, brought while the Plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim. Id. Pursuant to Section 1915(g), a prisoner with three strikes or more, generally cannot proceed IFP. Id.; see also Andrews, 493 F.3d at 1052 (Under

---

[1] At the time Plaintiff filed the Complaint commencing this action, the fee to file a civil rights action was $350.00. The fee has since risen to $400.00. 28 U.S.C. § 1914(a).

[2] On September 29, 2014, the court issued an order dismissing all other claims and defendants from this action based on Plaintiff's failure to state a claim. (ECF No. 12.)

the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").

The Ninth Circuit has cautioned district courts to carefully examine orders of dismissal for their basis in determining whether they count as "strikes" under § 1915(g), because not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim. Andrews, 398 F.3d at 1121. Whether an action was dismissed because it was frivolous, malicious or failed to state a claim turns on an evaluation of the dismissal order and other relevant information. Id.; see also Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011) (whether dismissal order counts as a strike depends on "reasonable interpretation" of order); O'Neal v. Price, 531 F.3d 1146, 1153-55 (9th Cir. 2008) (disposition of complaint, either with or without prejudice, constitutes a "dismissal" for purposes of section 1915(g)).

In Andrews v. King, the Ninth Circuit shed light on how courts are to assess whether a given case qualifies as a "strike." Using the "ordinary, contemporary, [and] common meaning[s]" of the terms "frivolous" and "malicious," the court concluded that: (1) a case is "frivolous" for purposes of Section 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact"; and (2) a case is "malicious" if it was filed with the "intention or desire to harm another." Andrews, 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("[A] complaint, containing . . . both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis either in law or in fact . . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.") (footnote and citations omitted). As to Section 1915(g)'s language regarding an action which "fails to state a claim on which relief may be granted," the court noted that it had previously held that such phrase, as used elsewhere in Section 1915, parallels the language of Federal Rule of Civil Procedure 12(b)(6). Andrews, 398 F.3d at 1121 (citing Barren v.

Harrington, 152 F.3d 1193, 1194 (9th Cir.1998), cert. denied, 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63 (1999)).  The court thereby suggested that such language in Section 1915(g) should have the same meaning as it does under Rule 12(b)(6).

When a defendant challenges a prisoner-plaintiff's right to proceed in forma pauperis, the defendant bears the burden of producing sufficient evidence to establish that Section 1915(g) bars the plaintiff's in forma pauperis status.  Andrews, 398 F.3d at 1116, 1120.  The defendant must produce court records or other documentation that will allow the district court to determine that three prior cases were dismissed as "frivolous, malicious or [for] failure to state a claim."  Id. (quoting Section 1915(g)).  Once the defendant has made out a prima facie case, the burden shifts to the plaintiff to persuade the court that Section 1915(g) does not apply.  Id.

### A.     **Defendant's Motion**

Defendant argues that the court should revoke Plaintiff's in forma pauperis status under § 1915(g) because, at the time this case was filed, Plaintiff had accumulated three "strikes" within the meaning of 28 U.S.C. § 1915(g), he was not in imminent danger of serious physical injury when he filed this lawsuit, and he is not currently in any danger of physical injury:

**Strike 1 – Shepard v. Connolly, USDC (Cent. Dist.) No. 2:11-cv-01262**

The district court found that Plaintiff's complaint was frivolous, malicious, and failed to state a claim, and the case was terminated.  (Order Re Leave to File Action Without Full Prepayment of Filing Fee, dated February 17, 2011 [ECF No. 2]) (Attached to Request for Judicial Notice, ECF No. 18-2 as Ex. A.)

**Strike 2 – Shepard v. Johnson, USDC (East. Dist.) No. 1:11-cv-01726**

The district court found that Plaintiff's Complaint failed to state a due process claim, and the case was dismissed.  (First Screening Order Dismissing Action, With Prejudice, For Failure to State A Claim Upon Which Relief May Be Granted, dated August 7, 2012 [ECF No. 8]) (Id. Exh. B.)

///

///

**Strike 3 – <u>Shepard v. Munoz</u>, USDC (East. Dist.) No. 1:12-cv-01470**

The district court found that Plaintiff's Complaint failed to state an Eighth Amendment claim or a claim under California state law, and the case was dismissed. (Order Dismissing Case For Failure to State a Claim Upon Which Relief May Be Granted Under § 1983, dated October 8, 2013 [ECF No. 13]) (<u>Id.</u> Ex. C.)

Defendant requests the court to take judicial notice of their exhibits documenting the dismissals of Plaintiff's three cases listed above. (ECF No. 18-2, Exhs. A, B. C.)

Defendant argues that Plaintiff made no allegations in his Complaint to support a claim that he was in "imminent danger of serious physical injury" at the time he filed this lawsuit. Defendant asserts that Plaintiff does not allege that Defendant used any physical force against him, and while he alleges non-physical harassment, according to his allegations the last such harassment purportedly occurred in 2010 (ECF No. 1 at 9) – almost two years before he filed this lawsuit. Defendant argues that there is no issue of any threat to Plaintiff's physical well-being in this case or at the time he filed this case.

### B.      Plaintiff's Opposition

Plaintiff states that he was unaware of the accumulation of three "strikes" against him, and he argues that he "was and [is] in imminent danger of defendant and co-workers of defendant Podsakoff, whom may want to cause physical injury." (ECF No. 19 at 1:25-27.)

## III.   DISCUSSION

The court takes judicial notice of the court records submitted by Defendant.[3] The court has reviewed the evidence submitted by Defendant, including copies of the orders dismissing and closing the three cases listed above, and finds that the cases were all dismissed for failure to state a claim. Plaintiff does not dispute that he has accumulated "three strikes" within the

---

[3] "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The court may take judicial notice of court records. <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir.), <u>cert. denied</u>, 454 U.S. 1126 (1981). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1215 (9th Cir. 2007) (quoting <u>Bennett v. Medtronic, Inc.</u>, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Facts that may be judicially noticed include a court's own records in other cases. <u>United States v. Wilson</u>, 631 F.2d 118, 119-20 (9th Cir. 1980).

meaning of § 1915(g).  Therefore, the court finds that the dismissals of Plaintiff's three cases listed above qualify as "three strikes" against Plaintiff, barring Plaintiff from proceeding in forma pauperis in this action unless he was under imminent danger of serious physical injury at the time he filed the Complaint.

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception.  See Andrews, 493 F.3d at 1053.[4]  The Complaint stems from allegations that Plaintiff was sexually harassed and retaliated against for filing inmate grievances, and when Plaintiff reported the harassment, prison officials did not properly act to stop it.  The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.  Plaintiff offers no evidence in support of his bare assertion that he was under imminent danger.  Therefore, Plaintiff may not proceed in forma pauperis in this action.  Accordingly, Plaintiff's in forma pauperis status should be revoked, and Plaintiff should be required to pay the $350.00 filing fee in full in order to proceed with this action.

**IV.     CONCLUSION AND RECOMMENDATIONS**

The court finds that Defendant has shown evidence that at the time Plaintiff filed the Complaint for this action, Plaintiff had accumulated "three strikes" within the meaning of § 1915(g), and Plaintiff was not under imminent danger of serious physical injury.

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's motion to revoke Plaintiff's in forma pauperis status, filed on December 9, 2014, be GRANTED; and
2. Plaintiff be required to pay in full the balance he owes for the $350.00 filing fee before proceeding further with this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written

---

[4] The court expresses no opinion on the merits of Plaintiff's claims.

objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: **June 19, 2015**            **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE