UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>           Plaintiff,<br><br>   v.<br><br>M. PODSAKOFF,<br><br>           Defendant. | 1:12-cv-00495-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF NO. 32) |

      Lamont Shepard ("Plaintiff") is a state prisoner proceeding *pro se*. On October 30, 2015, the Court adopted the assigned magistrate judge's findings and recommendations in full, and dismissed this action, without prejudice, because Plaintiff failed to obey a court order (Plaintiff failed to pay the $350 filing fee as ordered). (ECF No. 30).

      Approximately a year and a half later, on April 26, 2017, Plaintiff filed a "motion to re-open case, if filing fee could be payed [sic]," (ECF No. 32), which the Court construes as a motion to reconsider its order dismissing the action. Plaintiff states that he can now pay the filing fee, and asks that he be allowed to pay the filing fee and resume the case where it left off before it was closed. (Id.).

1

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Notably, "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

As to Rule 60(b)(6), Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (Id.)

Plaintiff's motion will be denied. Plaintiff has not shown that he filed his motion within a reasonable time, and he has failed to show that he meets any of the above-mentioned reasons for granting relief from the order dismissing the case.

Plaintiff waited approximately eighteen months to file this motion. As this is longer than a year, if Plaintiff is bringing this motion under Rule 60(b)(1)-(3), the motion is untimely. If Plaintiff is bringing it under Rule 60(b)(4)-(6), Plaintiff has failed to show that he brought it within a reasonable time. Even if the motion was filed within a reasonable time, Plaintiff has not alleged that there were circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.

It is possible that Plaintiff has misunderstood the Court's prior order dismissing his case. When the Court dismissed the case without prejudice, what was meant was without prejudice to

refiling, meaning that Plaintiff could file a new and separate lawsuit. The Court's order did not mean that Plaintiff could later attempt to re-open this case once he obtained the appropriate filing fee.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: May 9, 2017

_____
SENIOR DISTRICT JUDGE